CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Plaintiff, Super 8 Worldwide, Inc. f/k/a Super 8 Motels, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., a South Dakota Corporation, f/k/a SUPER 8 MOTELS, INC., <br><br> Plaintiff, <br> v. <br><br> METRO TEN HOTEL LLC, a New York Limited Liability Company; and SAM CHANG, an individual, <br><br> Defendants. | Civil Action Number 10- <br><br><br> **COMPLAINT** |

Plaintiff, Super 8 Worldwide, Inc., formerly known as Super 8 Motels, Inc., by its attorneys, Connell Foley LLP, complaining of defendants, Metro Ten Hotel LLC and Sam Chang, says:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Super 8 Worldwide, Inc., formerly known as Super 8 Motels, Inc., ("SWI") is a corporation organized and existing under the laws of the State of South Dakota with its principal place of business in Parsippany, New Jersey.

2. Defendant, Metro Ten Hotel LLC ("Metro Ten") on information and belief, is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business at 13 Mayflower Place, Floral Park, New York 11001.

3. Defendant, Sam Chang, on information and belief, is a principal of Metro Ten and a citizen of the State of New York, residing at 31 Aerie Court, Manhasset, New York 11030.

4. Upon information and belief, Sam Chang is the sole constituent member of Metro Ten.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 inasmuch as the plaintiff and all of the defendants are citizens of different states and the amount in controversy in this matter, exclusive of interest and costs, exceeds the sum of $75,000.00.

6. This Court has personal jurisdiction over Metro Ten by virtue of, among other things, section 17.6.3 of the May 22, 2006 Franchise Agreement by and between Metro Ten and SWI (the "Franchise Agreement"), described in more detail below, pursuant to which Metro Ten has consented "to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey . . . ."

7. This Court has personal jurisdiction over Sam Chang by virtue of, among other things, the terms of a Guaranty (the "Guaranty"), described in more detail below, pursuant to which Sam Chang acknowledged that he was personally bound by section 17.6.3 of the Franchise Agreement.

8. Venue is proper in this District pursuant to section 17.6.3 of the Franchise Agreement, inasmuch as that provision contains an express waiver by Metro Ten of any objection to venue in this District.

2259691-01

## ALLEGATIONS COMMON TO ALL COUNTS

### The Agreement Between The Parties

9. On or about May 22, 2006, SWI entered into a franchise agreement (the "Franchise Agreement") with Metro Ten for the operation of a 99-room guest lodging facility located at 3083 Carman Road, Schenectady, New York 12306, Site No. 8485-61430-2 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit A.

10. Pursuant to section 5 of the Franchise Agreement, Metro Ten is obligated to operate a Super 8® guest lodging facility for a 20-year term.

11. Pursuant to section 7 and Schedule C of the Franchise Agreement, Metro Ten is required to make certain periodic payments to SWI for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively "Recurring Fees").

12. Pursuant to section 3.8 of the Franchise Agreement, Metro Ten agreed to maintain at the Facility accurate financial information, including books, records, and accounts, relating to the gross room revenue of the Facility and, pursuant to sections 3.8 and 4.8 of the Franchise Agreement, Metro Ten agreed to allow SWI to examine, audit, and make copies of the entries in these books, records, and accounts.

13. Pursuant to section 7.3 of the Franchise Agreement, Metro Ten agreed that interest is payable "on any past due amount payable to [SWI] under this Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

14. Pursuant to section 17.4 of the Franchise Agreement, Metro Ten agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees,

2259691-01

incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

15. Effective as of the date of the Franchise Agreement, Sam Chang provided SWI with a guaranty of Metro Ten's obligations under the Franchise Agreement (the "Guaranty"). A true copy of the Guaranty is attached hereto as Exhibit B.

16. Pursuant to the terms of the Guaranty, Sam Chang agreed, among other things, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause Franchisee to perform each unpaid or unperformed obligation of Franchisee under the Agreement."

17. Pursuant to the terms of the Guaranty, Sam Chang agreed to pay the costs, including reasonable attorneys' fees, incurred by SWI in enforcing its rights or remedies under the Guaranty or the Franchise Agreement.

## The Defendants' Defaults

18. Metro Ten has failed to timely pay Recurring Fees as required by the Franchise Agreement.

19. By letter dated July 22, 2009, a true copy of which is attached as Exhibit C, SWI advised Metro Ten that $59,714.71 in Recurring Fees was due and owing under the License Agreement, and that Metro Ten was in default under the License Agreement.

20. As of January 10, 2010, the total amount of Recurring Fees due and owing to SWI from Metro Ten was $83,971.66 inclusive of interest.

## **FIRST COUNT**

21. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 20 of the Complaint.

22. Pursuant to sections 3.8 and 4.8 of the Franchise Agreement, Metro Ten agreed to allow SWI to examine, audit, and make copies of Metro Ten's financial information, including books, records, and accounts, relating to the gross room revenue earned at the Facility.

23. The calculation of the monetary amounts sought by SWI in this action is based on the gross room revenue information supplied to SWI by Metro Ten.

24. The accuracy of this information cannot be confirmed without an accounting of the receipts and disbursements, profit and loss statements, and other financial materials, statements and books from Metro Ten.

**WHEREFORE**, SWI demands judgment ordering that Metro Ten account to SWI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility from the inception of the Franchise Agreement through the date of judgment herein.

## SECOND COUNT

25. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 24 of the Complaint.

26. Pursuant to section 7 and Schedule C of the Franchise Agreement, Metro Ten is obligated to remit Recurring Fees to SWI.

27. Despite its obligation to do so, Metro Ten failed to remit certain of the Recurring Fees due and owing under the Franchise Agreement in the amount of $83,971.66, as of January 10, 2010.

28. Metro Ten's failure to remit the agreed Recurring Fees constitutes a breach of the Franchise Agreement and has damaged SWI.

**WHEREFORE**, SWI demands judgment against Metro Ten for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

### THIRD COUNT

29. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 28 of the Complaint.

30. Despite its obligation to do so, Metro Ten failed to pay certain of the Recurring Fees due and owing under the Franchise Agreement in the amount of $83,971.66, as of January 10, 2010.

31. Metro Ten's failure to compensate SWI constitutes unjust enrichment and has damaged SWI.

**WHEREFORE**, SWI demands judgment against Metro Ten for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

### FOURTH COUNT

32. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 31 of the Complaint.

33. As of January 10, 2010, there was due from Metro Ten to SWI the sum of $83,971.66 on a certain book account.

34. Payment has been demanded and has not been made.

**WHEREFORE**, SWI demands judgment against Metro Ten for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

## FIFTH COUNT

35. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 34 of the Complaint.

36. Metro Ten, being indebted to SWI in the sum of $83,971.66 as of January 10, 2010, plus interest, attorneys' fees, and costs upon an account stated between them, did promise to pay SWI said sum upon demand.

37. Payment has been demanded and has not been made.

**WHEREFORE**, SWI demands judgment against Metro Ten for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

## SIXTH COUNT

38. SWI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 37 of the Complaint.

39. Pursuant to the terms of the Guaranty, Sam Chang agreed, among other things, that upon a default under the Franchise Agreement, he would immediately make each payment and perform each obligation required of Metro Ten under the Franchise Agreement.

40. Despite his obligation to do so, Sam Chang has failed to make any payments or perform or cause Metro Ten to perform each obligation required under the Franchise Agreement.

41. Pursuant to the Guaranty, Sam Chang is liable to SWI for Metro Ten's Recurring Fees due and owing under the Franchise Agreement.

**WHEREFORE**, SWI demands judgment against Sam Chang for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees, and costs of suit.

                                    **CONNELL FOLEY LLP**
                                    Attorneys for Plaintiff
                                    Super 8 Worldwide, Inc. f/k/a Super 8 Motels, Inc.

                                    By: _____
                                           Bryan P. Couch

Dated: 1/20/10

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                    **CONNELL FOLEY LLP**
                                    Attorneys for Plaintiff
                                    Super 8 Worldwide, Inc. f/k/a Super 8 Motels, Inc.

                                    By: _____
                                           Bryan P. Couch

Dated: 1/20/10

2259691-01